Opinion issued April 27, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–01088–CV




A.Y.S. ENTERPRISES, INC., Appellant

V.

SOUTHWEST LINCOLN MERCURY, INC., Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2005–21677




MEMORANDUM OPINION

          A.Y.S. Enterprises, Inc. (A.Y.S.), appellant, brought suit against Southwest
Lincoln Mercury Inc. (Southwest), appellee, alleging breach of contract, fraud, and
conspiracy to defraud. Southwest filed a motion for summary judgment and the trial
court granted it against all causes of action.
          In four points of error, A.Y.S. argues that the trial court erred in granting
summary judgment because Southwest (1) entered into a contract with A.Y.S. and
then breached it, (2) committed fraud against A.Y.S., and (3) conspired to defraud
A.Y.S.
          We affirm.
Background
           On October 22, 2004, Sandra Dominique entered into an agreement with
Dwight Jones, a salesman for Southwest, to purchase a 2000 Lincoln LS 8. The role
that A.Y.S. played in the sale is the subject of the underlying suit. $16,000 of the
purchase price for the automobile came from A.Y.S. Dominique paid the remaining
$300 balance. According to the affidavit of Yigal Bosch, the president of A.Y.S., he
agreed to loan $16,000 to Dominique. Bosch called Jones and told Jones that he
wanted the lien document and the title mailed to him. Bosch further stated that after
the check cleared, he again asked Jones for the title and that Jones told Bosch he
would mail Bosch the certificate once it was received.

Summary Judgment
          In four points of error, A.Y.S. argues that the trial court erred in granting
summary judgment because Southwest (1) entered into a contract with A.Y.S. and
then breached it, (2) committed fraud against A.Y.S., and (3) conspired to defraud
A.Y.S.
A.     Standard of Review
          We review a trial court’s granting of a summary judgment de novo. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). A summary judgment under Rule
of Civil Procedure 166a(c) is properly granted only when a movant establishes that
there are no genuine issues of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546,
548 (Tex. 1985). A defendant moving for summary judgment must either (1)
disprove at least one element of the plaintiff’s cause of action, or (2) plead and
conclusively establish each essential element of an affirmative defense to rebut
plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). In deciding
whether there is a disputed material fact precluding summary judgment, every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 549.
          When, as here, a trial court does not state the basis for its decision in its
summary judgment order, we must uphold the order if any of the theories advanced
are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993).
B.      Breach of Contract
          In its first two points of error, A.Y.S. argues that the trial court erred in
granting summary judgment against its breach of contract claim.
          A.Y.S.’s basis for claiming breach of contract changed as the case progressed. 
In its original petition, A.Y.S. alleged that it “entered into an agreement with
Southwest to purchase one of its cars.” In its responses to discovery requests, A.Y.S.
stated that (1) it “was the lender and Dominique was the borrower”; (2) A.Y.S. and
Southwest entered into an oral agreement to name A.Y.S. as the lien holder, to release
the automobile only to A.Y.S., and to deliver the title only to A.Y.S.; and (3) A.Y.S.
failed to perfect any lien on the automobile. In its response to Southwest’s motion
for summary judgment, A.Y.S. argued that (1) A.Y.S. was the lender in the agreement
between Dominique and Southwest; (2) “A.Y.S. did not purchase anything from
Southwest”; and (3) “A.Y.S. was not in the market to purchase a car.” The affidavit
of Yigal Bosch, the president of A.Y.S., supported the argument that A.Y.S. was the
lender and that A.Y.S. was not purchasing a car from Southwest. Bosch stated in his
affidavit that A.Y.S. agreed with Dominique to finance her purchase of a car and that
Bosch told Jones “that I want the lien document and the title mailed to me.” The only
mention of a promise from Jones to Bosch to give Bosch the title to the car comes
after the transaction already had taken place.
          Now on appeal, A.Y.S. argues that there was a contract between itself and
Southwest to sell the automobile to A.Y.S. This directly contradicts A.Y.S.’s claims
in its response to the motion for summary judgment and Bosch’s affidavit—the only
evidence suggesting any agreement between A.Y.S. and Southwest. In his affidavit,
Jones stated, “At no time did anyone with A.Y.S. Enterprises ever issue any
instructions contrary to the terms set forth in the Offer to Purchase which reflected
Dominique as the purchaser and no lien holder.” Bosch’s own affidavit supported
this statement with respect to the fact that there was no contract between A.Y.S. and
Southwest. Accordingly, Southwest met its burden in its motion for summary
judgment. We hold there was no genuine issue of material fact regarding A.Y.S.’s
claim that it had entered into a contract with Southwest to purchase an automobile.
          We overrule appellant’s first and second points of error.
C.      Fraud
          In its third point of error, A.Y.S. argues that the trial court erred in granting
summary judgment against its fraud claim. To prevail on a fraud claim, the party
must prove that (1) a material representation was made, (2) the representation was
false, (3) when the representation was made, the speaker knew it was false or made
it recklessly without any knowledge of the truth and as a positive assertion, (4) the
representation was made with the intention that it be acted upon by the other party,
(5) the party acted in reliance upon the representation, and (6) the party suffered
injury. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001); Carousel’s
Creamery, L.L.C. v. Marble Slab Creamery, Inc., 134 S.W.3d 385, 399 (Tex.
App.—Houston [1st Dist.] 2004, pet. granted, cause dism’d).
          A.Y.S. argues that Southwest falsely represented that it would deliver the title
to the automobile to A.Y.S. in order to induce A.Y.S. to release the $16,000 check to
Southwest. The affidavit from Jones stated that he had had a telephone conversation
with Bosch where Bosch asked Jones to fax a copy of the Offer to Purchase, which
showed that no one was listed as a lien holder. Jones faxed the document to Bosch. 
Jones stated that “[a]t no time did anyone with A.Y.S. Enterprises ever issue any
instructions contrary to the terms set forth in the Offer to Purchase, which reflected
Dominique as the purchaser and no lien holder.”
          The only evidence presented to the trial court to contradict Jones’s statement
is Bosch’s statement in his affidavit stating that after the check had cleared, Jones told
Bosch that he would mail the certificate of title to Bosch once he received it. This
cannot be shown to have induced A.Y.S. to release the check to Southwest because
Southwest had already deposited the check when the promise was made. See Eagle
Properties, Ltd. v. KPMG Peat Marwick, 912 S.W.2d 825, 827 (Tex. App.—El Paso
1995, writ denied) (holding “representation made after a transaction is complete, no
matter how false, cannot give rise to an action for fraud”). We hold there was no
genuine issue of material fact regarding A.Y.S.’s claim of fraud.
          We overrule appellant’s third point of error.
D.      Conspiracy
          In its fourth point of error, A.Y.S. argues that the trial court erred in granting
summary judgment against its claim of conspiracy to defraud. Specifically, it argues
that Jones and Dominique conspired to defraud A.Y.S. by continuing the transaction
without A.Y.S.
          Because A.Y.S.’s conspiracy claim is dependent on its fraud claim, disposal of
the fraud claim also disposes of the conspiracy claim. Ernst & Young, L.L.P. v.
Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 583 (Tex. 2001). Accordingly, we hold
that there was no genuine issue of material fact regarding A.Y.S.’s claim of
conspiracy to defraud.
          We overrule appellant’s fourth point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice
 
Panel consists of Justices Taft, Higley, and Bland.